Filed 3/2/16  In re A.W. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re A.W., a Person Coming Under the Juvenile Court Law. | |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Plaintiff and Respondent, v. E.A., Defendant and Appellant. | C077896 (Super. Ct. No. JD234910) |

E.A., mother of the minor, appeals from the judgment of the juvenile court.  (Welf. & Inst. Code, § 395.)  Mother contends the juvenile court lacked jurisdiction, beyond emergency jurisdiction, to enter orders in the dependency proceeding because the court did not properly acquire jurisdiction pursuant to the requirements of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Fam. Code, § 3400 et seq.). Mother further contends substantial evidence did not support the court's finding it would

1

be detrimental to place the minor with father. Respondent concedes the jurisdictional issue and argues mother lacks standing to challenge the placement determination. We conclude mother lacks standing to challenge the placement determination. As to the jurisdictional issue, we reverse and remand with direction to the juvenile court to comply with the provisions of the UCCJEA.

## FACTS

The Sacramento County Department of Health and Human Services (Department) filed a petition on July 2, 2014, to detain 14-year-old A.W. due to mother's repeated incidents of domestic violence while under the influence of alcohol and in the minor's presence. Mother and the minor previously resided in the state of Washington and moved to California on June 14, 2014. The minor was briefly in foster care in Washington following a similar incident of alcohol-related domestic violence at their previous residence.

The juvenile court ordered the minor detained and placed the minor with a relative/non-related extended family member.

The minor's father was located in Idaho. He was aware the minor had been in foster care in Washington but had not made an effort to gain custody of her at that time.

At the prejurisdiction conference, the juvenile court ordered an Interstate Compact on the Placement of Children (ICPC) study for the maternal grandmother. Mother's counsel informed the court mother was going to be relocating and mother and the minor had only been in Sacramento for two months. Counsel for the Department suggested the case belonged in Oregon[1], however, the court was of the opinion that coming to

---

[1]     It appears counsel misspoke and meant Washington, not Oregon as there is no indication in the record that any of the parties lived in Oregon.

California with the intention to stay established residency in this state, implying residency was sufficient for jurisdiction. At the jurisdiction hearing in September 2014, the court accepted mother's waiver of rights and plea and sustained the Welfare and Institutions Code section 300, subdivision (b), allegation of the petition. At father's request, the court set a contested disposition hearing.

At the disposition hearing in November 2014, the minor testified she was previously a dependent child in Washington, in foster care for three months, and believed the Washington case was closed too early. She acknowledged she had relatives in the Washington/Idaho region and grew up there, but was happy in her current placement and did not want to live with her father. She was aware mother intended to return to Washington and had enjoyed her visits with mother, but did not want to live with her or the maternal grandmother.

Father testified about his circumstances and his desire to have the minor live with him although he had little recent contact with her and had not sought custody when the minor was in foster care in Washington. The court continued the matter for a ruling.

In its ruling, the court denied placement with father finding it would be detrimental to the minor to order the placement. The court adopted the recommended findings and orders removing the minor from mother's custody and ordering reunification services for both parents. Mother's counsel informed the court mother had returned to Washington.

## DISCUSSION

### I

### *Jurisdiction*

Mother contends the "juvenile court only had emergency subject matter jurisdiction" because the minor's home state was Washington, where custody and support

orders had been made prior to the filing of a dependency petition in California. The Department has conceded the juvenile court did not comply with the UCCJEA.

Having reviewed the law and the facts of the case, we conclude the Department correctly conceded. The juvenile court correctly identified the domicile and residence of the mother and the minor as Sacramento County. (*People v. McCleod* (1997) 55 Cal.App.4th 1205, 1217, superseded by statute on other grounds; see also *In re Marriage of Dick* (1993) 15 Cal.App.4th 144, 153.) However, under the UCCJEA, the court must determine whether California is the "home state" of the minor prior to asserting anything other than temporary emergency jurisdiction. (Fam. Code, §§ 3402, subd. (g); 3421, subd. (a)(1); 3424, subd. (a).) Based on the social worker's reports and the minor's testimony, mother and the minor had been in California for only a few weeks when the dependency petition was filed and there was a prior dependency proceeding in Washington. It was not clear what orders the court in that case had entered. After having exercised temporary emergency jurisdiction, the juvenile court was required to act in accordance with the UCCJEA before making anything other than temporary orders. Because the court had only temporary emergency jurisdiction and did not comply with the UCCJEA, reversal and remand are required.

**II**

***Placement Determination***

Mother argues there was insufficient evidence to support the juvenile court's denial of placement of the minor with the father as a noncustodial parent pursuant to Welfare and Institutions Code section 361.2. Mother has not demonstrated how her rights are impacted by the juvenile court's order denying placement to the father. (*In re Jayden M.* (2014) 228 Cal.App.4th 1452, 1459.) Thus, mother lacks standing as to this issue and may not assert it.

4

DISPOSITION

We reverse the judgment for lack of subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act. The case is remanded to the juvenile court with directions to proceed in accordance with the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act.


                                        /s/
                              HOCH, J.



We concur:


        /s/
NICHOLSON, Acting P. J.


        /s/
RENNER, J.

5